UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| MARK LEGGITT<br><br>    Plaintiff,<br><br>v.<br><br>STANDARD INSURANCE COMPANY,<br><br>Serve At:<br>Missouri Department of Insurance<br>Truman State Office Building<br>Room 530<br>P.O. Box 690<br>Jefferson City, MO 65102<br><br>Standard Insurance<br>P.O. Box 711<br>Portland, OR  97207-0711<br><br>    Defendant. | Case No.:<br><br>**JURY TRIAL DEMANDED** |

# COMPLAINT

COMES NOW, Plaintiff Mark Leggitt, by and through counsel, and for his Complaint against Defendant states as follows:

1. At all times herein mentioned Plaintiff, Mark Leggitt, is and was an adult resident of St. Louis County, State of Missouri.

2. At all times herein mentioned, Plaintiff was acting within the scope of his employment as a firefighter with the Riverview Fire Protection District.

3. Defendant, Standard Insurance Company ("Standard") is an Oregon corporation in good standing and licensed to do business in the state of Missouri.

4. Jurisdiction is proper in this court pursuant to 28 U.S.C.A. § 1332, as diversity jurisdiction exists between Plaintiff and Defendant and the amount in controversy exceeds the jurisdictional amount of $75,000.

5. Venue is proper in this court pursuant to 28 U.S.C.A. § 1391(a)(2), as Plaintiff resides in the State of Missouri and in this judicial district, and a substantial part of the events giving rise to Plaintiff's claim occurred within this judicial district.

## COUNT I
## BREACH OF CONTRACT

COMES NOW Plaintiff, and for his cause of action against Standard, states and alleges as follows:

1. Plaintiff is and was an insured under a disability policy issued by Defendant Standard through his employer, the Riverview Fire Protection District, as of May 1, 2018 and at all times relevant to this complaint.

2. In the scope and course of his employment Plaintiff injured his left knee, ultimately requiring a total left knee replacement.

3. Since April 27, 2019, Plaintiff has been unable to work in any capacity.

4. Plaintiff filed a claim seeking disability benefits from Defendant for his bi-lateral knee injuries.

5. Pursuant to the disability policy, Defendant began issuing benefits to Plaintiff on or about July 26, 2019. Defendant calculated Plaintiff's monthly long-term disability benefit to be $2,783.13 based on its assertion he was classified as an hourly employee.

6. Plaintiff was compensated by the Riverview Fire Protection District based on an annual contract salary through a collective bargaining agreement in the amount of $66,502.88.

7.  Per the policy language, if an individual is paid on an annual contract basis, their monthly earnings are one-twelfth (1/12) of their annual contract salary.

8.  Plaintiff's monthly earnings equate to $5,541.90.

9.  Per the policy Plaintiff's monthly long-term disability benefit is 66.6% of his monthly pre-disability earnings or $3,694.60.

10. On or about September 5, 2019, Plaintiff informed Defendant he was appealing the calculation of his disability benefits. Plaintiff also included within this correspondence a copy of the collective bargaining agreement and salary schedule.

11. On or about October 7, 2019, Defendant upheld its determination of Plaintiff's monthly long-term disability rate of $2,783.13.

12. Plaintiff complied with all of the applicable terms, conditions and provisions of the policies issued by Defendant Standard, including exhausting all Defendant's internal appeals procedures, and is entitled to pay equating to $3,694.60 a month per the language of the policy.

13. Defendant has failed to pay the long-term benefits in compliance with their own policy, thereby breaching contractual obligations under the aforesaid policy or policies of insurance, all to the damage of Plaintiff.

14. As a result of Defendant's breach of contract, Plaintiff has been made to suffer a loss of monthly economic benefits, mental anguish, and pain and suffering.

WHEREFORE, Plaintiff prays for judgment against Defendant Standard Insurance, an Oregon corporation, in an amount that is fair and reasonable in excess of $75,000, together with his costs herein expended and for such other and further relief as this court deems just and proper under the circumstances.

### COUNT II
### VEXATIOUS REFUSAL TO PAY

COMES NOW Plaintiff, by and through counsel, and for his cause of action against Defendant, states as follows:

1. Plaintiff hereby restates and reincorporates into Count II all facts and allegations contained in Count I, Paragraphs 1 through 14, of Plaintiff's Complaint.

2. Plaintiff has provided Defendant with documentation supporting his right to the amount of $3,694.60 in monthly long-term disability benefits.

3. Plaintiff's collective bargaining agreement, which was provided to Defendant, demonstrates that he is paid on an annual contract basis as defined by Defendant's policy. Despite these facts, Defendant has refused to adequately resolve Plaintiff's claim and pay him the proper amount of benefits owed to him under the contract and has failed and refused to provide a purported reason for refusing to disperse the proper amount of long-term benefit payments.

4. The aforesaid conduct of Defendant, in attempting to avoid appropriate compensation of Plaintiff for his disability, pursuant to the contract, was and is without reasonable cause or excuse.

5. Defendant's refusal to pay Plaintiff long-term disability benefits under the aforesaid policy of insurance was and is vexatious and without reason or excuse, in violation of § 375.420 RSMo.; thus Plaintiff is entitled to further damages of twenty percent (20%) of the first One Thousand Five Hundred Dollars ($1,500.00) due and owing Plaintiff and ten percent (10%) of the remaining amount due and owing Plaintiff, plus reasonable attorney's fees.

WHEREFORE, Plaintiff, respectfully requests the Court to enter judgment in his favor and against Defendants for such damages as will fairly and adequately compensate Plaintiff, for interest on said amount, including pre-judgment interest, as well as for his reasonable costs of

Court fees.  Plaintiff further asks the Court to enter judgment against Defendant for vexatious penalties of twenty percent (20%) of the first One Thousand Five Hundred Dollars ($1,500.00) due and owing Plaintiff and ten percent (10%) of the remaining amount due and owing Plaintiff, for his reasonable attorney's fees to date, for further costs incurred herein and for such other and further relief as the Court deems just and proper.

                                        Respectfully submitted,

                                        LAW OFFICES OF RICK BARRY, P.C.

By:    /s/ Rick Barry_____
           RICK BARRY, USDC # 2572
           Attorney for Plaintiff
           University Tower
           1034 S. Brentwood Blvd. SUITE 1301
           St. Louis, MO 63117
           Phone: (314) 918-8900
           Fax: (314) 918-8901
           rickbarry@rickbarrypc.com